U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL MESSINA, | ) | |
| 6918 WILLOW ST., NW, APT. 203 | ) | |
| WASHINGTON, DC 20012 | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. |
|   v. | ) | |
| | ) | |
| AMERICAN FEDERATION OF STATE, | ) | |
| COUNTY AND MUNICIPAL EMPLOYEES | ) | |
| 1625 L STREET, NW | ) | |
| WASHINGTON, D.C. 20036 | ) | |
|     Defendant. | ) | |

## COMPLAINT

1. The President of the American Federation of State, County and Municipal Employees (AFSCME) bypassed Plaintiff Michael Messina for promotion because of his age and gave the position to an obviously less-qualified younger candidate. When describing his selection decision to Plaintiff, the President volunteered that the younger applicant represented "the future." AFSCME's age-based employment decision violated both the local District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, and the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* This unlawful action has harmed Michael Messina's career and inflicted enormous financial, reputational and emotional damage on him, for which he now seeks complete relief.

## JURISDICTION AND PARTIES

2. This Court has jurisdiction under 28 U.S.C. 1331 and 29 U.S.C. § 626(c).

3. Plaintiff, Michael Messina, is a resident of the District of Columbia and

current employee of Defendant AFSCME. He is 61 years old.

4. AFSCME is a union which operates and conducts business within the District of Columbia, and is an employer as defined by the District of Columbia Human Rights Act (DCHRA) and the Age Discrimination in Employment Act (ADEA).

## FACTS

5. In February 2019, the Director of the Research and Collective Bargaining Services (RCBS) Department, Steven Kreisberg, announced his intention to retire later that year.

6. At that time, Michael Messina served as the Deputy of the RCBS Department (the second highest ranking management position within the Department). He had served in that position since September 2016, and his performance in that role was exemplary, repeatedly earning praise for his dedication and performance to the RCBS mission.

7. Messina was an exceptional candidate for the Director RCBS job. He had worked at AFSCME in progressively responsible positions for over thirty years. He had developed a deep and unparalleled expertise of the work of the Department and the union. As AFSCME's interest arbitration expert, he testified at numerous impasse hearings on behalf of state and local government workers across the country. His command of the technical evidence required an ability to communicate his findings effectively and resulted in sizable economic awards for AFSCME members. Most notable are multi-million dollar awards for Hawaii state employees that various arbitrators have issued over the years based on the approach established by Messina over a decade ago for justifying the union's economic proposals. His expertise also

included leading negotiations, public sector finance, classification and compensation, including pay equity, and privatization. AFSCME's affiliates depend on his knowledge and skills to counter successfully employer indifference to fairness and justice, whether at the bargaining table or before elected officials.

8. As the number two official in the Department, Michael Messina was superbly well qualified to serve as the RCBS Director.

9. Lee Saunders is the President of AFSCME and was serving in that capacity at the time that the Director RCBS vacancy arose.

10. In August 2019, Saunders invited Messina to join him for a meeting, and during the meeting asked him if he was interested in the Director, RCBS position. Messina immediately responded that he was interested, to which Saunders replied that "this is your interview." Saunders then asked Messina a few questions about his vision for the Department, to which Messina provided direct and cogent responses, including his desire to improve communication within the department by holding more frequent meetings among the staff. Saunders then praised Messina for having earned the respect of his colleagues, other department directors, and members and leaders in the field, and said that Messina obviously had "the smarts for the job." However, he then asked Messina how he would "feel," if Saunders instead picked Dalia Thornton for the position.

11. At that time, Dalia Thornton was a subordinate of Messina's, serving in the role as an Assistant Director in RCBS. She not only occupied a more junior role, but she had far fewer years of experience than Messina, both in the Department and with AFSCME as a whole. She did not bring comparable qualifications to the table when

compared to Messina.

12. Moreover, while a valued employee, there had been questions raised among managers within the Department about Thornton's skills and readiness for higher level roles.

13. Thornton is approximately twenty years younger than Messina.

14. In late August 2019, Saunders announced that he was selecting Thornton as the new Director, RCBS, leapfrogging her over Messina for the position. Thornton began serving in that position in September 2019.

15. Saunders met with Messina to inform him of his selection of Thornton. During that meeting, Saunders volunteered that he had viewed her as the "future" of the department. He also described that he liked her ideas for changes to the department. After that meeting, Messina asked Thornton directly what "changes" she had described to Saunders prior to her selection, and the only thing she identified was her desire to hold more meetings (the same suggestion which Messina had raised). In the roughly one year since being chosen as the Director of the Department, Thornton has not made any significant changes to the Department.

16. Michael Messina possessed demonstrably superior qualifications for the Director RCBS position than did Dalia Thornton. He had been serving in the number two role in the Department, assuming leadership responsibilities when Kreisberg was not available. He had more years of experience with AFSCME, more experience within the Department, and more experience within the field, than did Thornton. He brought more in- depth knowledge of the field and of the operations of the Department, and his performance was superior to Thornton's. He was the objectively natural and superior

4

choice for the vacant position.

17. The real reason why AFSCME President Saunders selected Thornton, and not Messina, for the Director, RCBS position, was that Thornton was substantially younger (by roughly twenty years) than Messina. Saunders' reference to her as the "future" of the Department betrayed his bias that he believed that Messina was too old to take over that position.

18. Saunders' only other putative explanation – that he liked Thornton's ideas for changes to the Department -- was a pretext to attempt to hide age discrimination, as Thornton had not in fact identified any signficant changes that she intended to make. Moreover, in his interview Messina also described that he would hold more meetings to facilitate communication within the Department, which was the only specific suggestion that Thornton had identified in her interview.

19. Upon information and belief, Saunders' record of recent selections for high level positions has demonstrated a favoritism toward younger candidates. Saunders' Chief of Staff, Steven Fantauzzo, has admitted to the existence of this pattern in candid discussions with Messina.

20. AFSCME declined to select Michael Messina to the Director, RCBS position, because of his age.

21. This decision was willful, wanton and malicious, or at a minimum was taken in reckless disregard of Messina's right to be free of age discrimination in employment.

22. This action was taken by the highest officer within AFSCME.

23. The age discrimination that Messina has suffered has caused him significant harm, including damage to his reputation, his career, substantial humiliation, emotional

distress and loss of enjoyment of life, and financial harm which will grow into the future.

## COUNT ONE
### (AGE DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT)

24. Paragraphs 1-23 are realleged.

25. Defendant refused to select Plaintiff to the Director RCBS position because of his age, in violation of the DCHRA.

## COUNT TWO
### (AGE DISCRIMINATION IN VIOLATION OF THE ADEA)

26. Paragraphs 1-23 are realleged.

27. Defendant refused to select Plaintiff to the Director RCBS position because of his age, in violation of the ADEA.

## RELIEF

Plaintiff requests that this Court award the following:

1. Order that Defendant place Plaintiff into the position of Director RCBS (or into a substantially equivalent position), retroactive to the date that it unlawfully denied him that job. If, for whatever reason, the Court declines to order that Plaintiff be instated into that position, then order Defendant to pay "front pay" to Plaintiff to compensate him for any pay loss he may experience into the future from defendant's unlawful conduct;

2. Award Plaintiff, retroactive to September 1, 2019, all back pay, benefits, bonuses, awards, and other compensation or privileges of employment that he would have received, absent any discrimination;

3. Award Plaintiff liquidated damages under the ADEA;

4. Award Plaintiff compensatory damages, in an amount to be proven at trial, for the pain, suffering, emotional distress, inconvenience, damage to career, past and future pecuniary loss, and loss of enjoyment of life that Plaintiff has experienced, and will in the future experience, as a result of Defendant's unlawful conduct;

5. Award Plaintiff punitive damages in an amount to be determined by the jury for AFSCME's malicious violation of the DCHRA;

6. Prejudgment interest on all sums awarded herein;

7. Reimburse Plaintiff for the costs, expenses, attorney's fees, and expert witness fees incurred in connection with this action;

8. Declaratory and injunctive relief that Defendant has violated Plaintiff's rights and enjoining Defendant from further violations of Plaintiff's rights; and8.  Such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests trial by jury as to all issues in this case.

      /s/ Richard A. Salzman
Richard A. Salzman (DC Bar422497)
HELLER, HURON, CHERTKOF,
& SALZMAN
1730 M Street, N.W., Suite 412
Washington, D.C. 20036
(202) 293-8090

Attorneys for Plaintiff